988 F.2d 129
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FILMTEC CORPORATION, Plaintiff-Appellee,
v.
ALLIED-SIGNAL, INC., and UOP Inc., Defendants-Appellants.
 Nos. 92-1007, 92-1023.
 United States Court of Appeals, Federal Circuit.
 Jan. 7, 1993.
 
 REVERSED.
 Before ARCHER, PLAGER and LOURIE, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 Appellants Allied-Signal, Inc. and UOP Inc. (Allied-Signal) appeal the order entering a preliminary injunction issued by the district court in FilmTec Corp. v. Allied-Signal, Inc., C.A. No. 89-0919-GT (IEG) (S.D.Cal. August 30, 1991). That order reinstated an earlier order which preliminarily enjoined Allied-Signal from "making, using, or selling, and actively inducing others to make use or sell TFCL membrane in the United States, and from otherwise infringing claim 7 of United States Patent No. 4,277,344 ['344]." FilmTec Corp. v. Allied-Signal, Inc., C.A. No. 89-0919-GT(M) (S.D.Cal. March 1, 1990). The original preliminary injunction was vacated by this panel and remanded for further proceedings in light of "serious doubts on the record ... as to who has title to the invention and the ensuing patent...." FilmTec Corp. v. Allied-Signal, Inc., 939 F.2d 1568, 1569, 19 USPQ2d 1508, 1509 (Fed.Cir.1991). (The reader is referred to FilmTec Corp. v. Allied-Signal, Inc., and FilmTec Corp. v. Hydranautics, No. 92-1091 (Fed.Cir. December 29, 1992) for a more complete discussion of the factual background and legal import of the dispute over who owned the '344 patent.)
 
 
 2
 The trial court, in reinstating the preliminary injunction, found that "[t]he invention was made while Cadotte worked at FilmTec" and thus FilmTec owned the '344 patent. Allied-Signal appealed this order, arguing inter alia that title was in the Government, not Cadotte. While this appeal was pending, that issue was resolved in a second appeal involving a different defendant. FilmTec Corp. v. Hydranautics, No. 92-1091 (Fed.Cir. December 29, 1992). The Hydranautics panel concluded that title to the '344 patent resided with the Government.
 
 
 3
 The factual events which were so thoroughly analyzed in Hydranautics are also the dispositive factual events in this case. We concur in that analysis; accordingly, we conclude that FilmTec has not demonstrated that it is likely to succeed in proving that it owns the '344 patent. We reverse the district court's preliminary injunction order.
 
 
 4
 REVERSED.